**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4459**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER MALACHI MURDOCK,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:14-cr-00278-CCE-2)

_____

Submitted:  April 18, 2024                         Decided:  April 19, 2024

_____

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Sandra Payne Hagood, LAW OFFICE OF SANDRA PAYNE HAGOOD, Chapel Hill, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, Margaret McCall Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Malachi Murdock appeals the district court's judgment revoking his supervised release and sentencing Murdock to 30 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court properly concluded that Murdock committed the first of the three supervised release violations alleged in the revocation petition and the reasonableness of Murdock's sentence. The Government has declined to file a brief. Although notified of his right to file a pro se supplemental brief, Murdock has not done so. We affirm.

To revoke supervised release, the district court need only find a violation of a supervised release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Dennison*, 925 F.3d 185, 191 (4th Cir. 2019). We "review[] a district court's decision to revoke a defendant's supervised release for abuse of discretion," its underlying factual findings for clear error, and unpreserved challenges for plain error. *Dennison*, 925 F.3d at 190. Upon review of the record, we conclude that the district court did not abuse its discretion in finding that Murdock committed the first of the three charged violations—the only one which Murdock contested—and revoking Murdock's supervised release accordingly. *See* 18 U.S.C. § 3583(e)(3); U.S. Sentencing Guidelines Manual § 7B1.3(a)(1), p.s. (2021) ("Upon a finding of a Grade A . . . violation, the court shall revoke probation or supervised release.").

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will

2

affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted); *see* 18 U.S.C. § 3583(e).

A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007).

We conclude that Murdock's sentence is procedurally and substantively reasonable. The district court correctly determined the applicable policy statement range, considered the relevant statutory factors, acknowledged Murdock's mitigation arguments, and gave sufficiently detailed reasons for selecting its within-range sentence.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Murdock, in writing, of the right to petition the Supreme Court of the United States for further review. If Murdock requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Murdock. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*